**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | |
|---|---|
| **SHERRY FARREN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **CIVIL ACTION NO. 5:04-1337** |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. By Standing Order, this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court are the parties' Cross-Motions for Judgment on the Pleadings.

The Plaintiff, Sherry Farren (hereinafter referred to as "Claimant"), filed an application for SSI on January 10, 2002 (protective filing date), alleging disability as of March 17, 2001, due to fractured vertebrae, hypertension, and past cardiac problems. (Tr. at 34-38, 66-69, 77, 507.) The claims were denied initially and upon reconsideration. (Tr. at 34-38, 43-44.) On December 13, 2002, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 45.) The hearing was held on November 3, 2003, before the Honorable Valerie A. Bawolek. (Tr. at 504-26.) By decision dated January 30, 2004, the ALJ determined that Claimant was not entitled to benefits.

(Tr. at 10-26.) The ALJ's decision became the final decision of the Commissioner on October 28, 2004, when the Appeals Council denied Claimant's request for review. (Tr. at 5-8.) On December 22, 2004, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(I), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §416.920 (2003). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. § 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity,

considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 416.920(f) (2003). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she had not engaged in substantial gainful activity since she filed her application for SSI benefits on January 10, 2002. (Tr. at 13.) Under the second inquiry, the ALJ found that Claimant suffered from the following severe impairments:

> [A] back syndrome due to compression fractures at T12/L1 and lumbar spondylosis; a right shoulder syndrome, residuals of a remote (1987) healed fracture; a syndrome in the big toe of the left foot, due to an unhealed (1997) remote intra-articular fracture of the metacarpophalangeal joint (MJP) and traumatic arthritis of the joint; and hypertension.

(Tr. at 13.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 13.) The ALJ then found that Claimant had a residual functional capacity to perform light or sedentary work with the following limitations:

> [S]he must avoid heights and hazards; can bend only 50 percent of normal and not below table height; must be able to change her position at will; needs to use a cane, and cannot perform strenuous or repetitive reaching, pushing, or pulling or work overhead with the dominant (right) arm.

(Tr. at 14.) At step four, the ALJ found that Claimant could not return to her past relevant work. (Tr. at 23.) Nonetheless, the ALJ determined, on the basis of Vocational Expert testimony, that Claimant could perform light level jobs such as routine office clerk, cashier in a booth setting, small products assembler, and inspector. (Tr. at 24.) On this basis, benefits were denied. (Tr. at 25-26.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

Claimant's Background

Claimant was born on July 23, 1968, and was 35 years old at the time of the administrative hearing. (Tr. at 66.) Claimant has a high school education and college training in nursing. (Tr. at 23-24, 83.) In the past, she worked as a licensed practical nurse in a hospital and a nursing home and jobs as a factory worker. (Tr. at 23, 78, 100.)

The Medical Record

The Court has reviewed all evidence of record, including the medical evidence, and will discuss it below as it relates to Claimant's arguments.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence

because: (1) evidence submitted while the case was pending before the Appeals Council required a remand to the ALJ for its consideration; (2) the ALJ gave "undue weight" to the opinions of non-examining expert witnesses, and (3) the ALJ erred in formulating her hypothetical question to the Vocational Expert [VE] and relying on the resulting testimony by the VE. The Commissioner asserts that these arguments are without merit and that the decision is supported by substantial evidence. Because the Court finds Claimant's first argument determinative of the outcome, it does not address the remaining arguments.

Appeals Council Evidence

Claimant argues that this case should be remanded because the Appeals Council failed to explain its reasons for rejecting the additional evidence. The record contains the following evidence which Claimant submitted for the first time to the Appeals Council during review of her case: (1) assessments prepared for the West Virginia Department of Health and Human Resources suggesting Claimant was disabled (Tr. at 477-81.); (2) a progress note from Luciano L. Serdoz, M.D., indicating that Claimant continued to experience pain, swelling, and limited range of motion in the first metatarsophalangeal joint of her left foot following her second surgery performed after the date of the ALJ's hearing decision (Tr. at 482-83.); (3) follow up notes from Todd Smith, M.D., dated March 26, 2004, and September 7, 2004 (Tr. at 484-86, 501-03.); (4) records from Raleigh General Hospital showing that Claimant underwent a second surgery on her left great toe on April 26, 2004 (Tr. at 487-94.); and (5) a brief submitted by Claimant's counsel. (Tr. at 495-500.)

The record shows that this evidence was submitted to the Appeals Council and was made a part of the record that is currently before the Court. (Tr. at 5-8.) The Appeals Council concluded in its October 28, 2004, decision that there was no basis for granting Claimant's request for review of

the ALJ decision. (Tr. at 5-6.) In the Appeals Council decision, the Appeals Officer stated as follows:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrate Law Judge's decision.

(Tr. at 5-6.) The attached Order of the Appeals Council reflects the evidence noted above as evidence received by the Appeals Council and made a part of the record. (Tr. at 8.) In deciding whether to grant review, the Appeals Council "must consider evidence submitted with the request for review . . . 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" Wilkins v. Secretary, 953 F.2d 93, 95-96 (4th Cir. 1991)(*en banc*)(citations omitted). Evidence is "new" if it is not duplicative or cumulative. See id. at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id.

While is not entirely clear in the Fourth Circuit whether the Appeals Council is required to make findings respecting evidence submitted after the ALJ's decision, this Court found in Short v. Barnhart, Civil Action No. 1:04-0878 (S.D. W.Va. Oct. 4, 2005)(Faber, C.J.), that the Appeals Council is not required to provide an explanation for its consideration of additional evidence. Rather, the Court, in reviewing the ALJ's decision, "in the light of evidence which the ALJ never considered, and thus never evaluated or explained" must "determine whether this additional evidence creates a 'conflict,' is 'contradictory,' or 'calls into doubt, any decision grounded in the proper medical reports.'" Id. (*citing* Camper v. Barnhart, __ F.Supp.2d __, 2005 WL 1995446, *5 (W.D. Va. Aug. 16, 2005)). Considering evidence which Claimant submitted to the Appeals Council and the Appeals Council included in the record, the Fourth Circuit concluded in Wilkins, 953 F.2d

at 96, that Courts reviewing decisions of the Social Security Administration must consider "the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Secretary's findings." Thus, reviewing Courts must consider new evidence which the claimant submits while the decision of the Appeals Council is pending even when the Appeals Council denies the claimant's request for review. See also Adkins v. Barnhart, 2003 WL 21105103, * 5 (S.D. W.Va. May 5, 2003)(Stanley, M.J.).

In the instant case, the additional evidence was considered by the Appeals Council and made a part of the record. The Regulations governing the circumstances under which the Appeals Council is to review an ALJ decision provide that additional evidence will not be considered *unless* the evidence is new and material and relates to the period on or before the date of the ALJ decision. See 20 C.F.R. § 404.970(b) (2004), Hawker v. Barnhart, 235 F.Supp.2d 445, 445-46 (D. Md. 2002). Thus, in the instant case, the additional evidence was considered by the Appeals Council, and must have been deemed new and material.

It appears from the record that Claimant injured her left great toe when she dropped pipe on it approximately eight years prior to the ALJ hearing. (Tr. at 380.) In a report dated October 25, 1995, Alan M. Lintala, M.D., found no evidence of acute fracture or dislocation, but noted mild degenerative change of the metatarsophalangeal joint [MPJ]. (Tr. at 380.) Through x-rays conducted on May 27, 1999, however, Michael Shahan, M.D., found the proximal phalanx of Claimant's left great toe to be fractured. (Tr. at 377.) Other than reference to Claimant's inability to toe-walk on the left foot (Tr. at 187.), the record is void of evidence concerning Claimant's left great toe, prior to May 5, 2003, when she was examined by Luciano L. Serdoz, M.D., for complaints of pain and stiffness in the first MPJ. (Tr. at 412.) Dr. Serdoz diagnosed Claimant as suffering from

"[d]egenerative joint disease first MPJ left and intra-articular fracture first MPJ left." (Tr. at 416.) Claimant underwent arthroplasty on August 25, 2003, during which Dr. Serdoz noted that significant osteoarthritic changes, including lipping and hypertrophic bone formation, were present. (Tr. at 416.) A fragment of the fractured proximal phalanx was surgically removed. (Tr. at 416.) During follow-up examinations on August 29, and September 10, 2003, Dr. Serdoz noted Claimant continued to complain of throbbing pain, especially when walking, and observed some swelling along the first MPJ. (Tr. at 409-10.)

In the absence of post-operative treatment records, the ALJ's medical expert, Dr. Erwin R. Chillag, testified that he could neither evaluate nor comment on Claimant's prognosis, except that she was healing at the time of the hearing. (Tr. at 18.) Accordingly, the ALJ found:

> The left foot condition constitutes a severe impairment which meets the duration requirement, but the claimant's allegations of the severity of her pain many months before surgery is not corroborated by the treatment record, and her allegations of failure of treatment are not credible considering the failure to submit medical evidence of follow-up.

(Tr. at 18.)

The additional evidence submitted to the Appeals Council indicates that after the first surgery, Claimant continued to complain of persistent pain and stiffness in the first MPJ, following her August 25, 2003, surgery. (Tr. at 490.) Claimant experienced difficulty walking without a limp and wearing most shoes without pain. (Tr. at 490.) On April 26, 2004, Dr. Serdoz performed a second arthroplasty, this time inserting a titanium hemi implant. (Tr. at 488-90.) In his Operative Report, Dr. Serdoz noted significant degenerative joint disease of the first MPJ, which "coincided with the chronic pain that the patient experienced and the lack of movement present within the joint." (Tr. at 488.) During the surgery, Dr. Serdoz further noted significant improvement in the

range of motion after inserting the implant. (Tr. at 488.) Progress notes from Dr. Serdoz, dated May 23, 2004, however, indicate that Claimant continued to complain of swelling, pain, and stiffness, and noted she presented only a five degree range of motion in the first MPJ, with considerable pain.[1] (Tr. at 483.)

Although Claimant has not specifically addressed in her brief how this evidence meets the requirements of Wilkins for a remand, she alleges that the new evidence demonstrates "that the [first] surgery was not a success and that a second surgery was needed. Therefore, the Commissioner's assessment about the claimant's ability to stand and walk needed to be reconsidered in light of this evidence." (Doc. No. 13 at 13.) The Commissioner argues that the additional evidence neither constitutes an opinion from an acceptable medical source which contradicts the ALJ's RFC finding, nor relates to the period on or before the ALJ's hearing decision. (Doc. No. 17 at 17-19.)

The Court finds that the additional evidence is new within the holding of Wilkins; the evidence is neither duplicative, nor cumulative. Furthermore, the Court finds that the new evidence calls into doubt the ALJ's finding incredible Claimant's allegations concerning the severity of her pain based upon the absence of follow-up treatment records. The new evidence suggests that her complaints of severe pain correlated with the degree of degenerative joint disease discovered by Dr. Serdoz during Claimant's second arthroplasty. It appears that the ALJ's RFC findings with respect to Claimant's left great toe were based for the most part upon the absence of follow-up treatment records. Thus, the Court finds that the new evidence is material.

Finally, the Court finds that new evidence relates to the period on or before the date of the

---

[1] This is only a portion of the evidence submitted to the Appeals Council; however, this is the only portion to which Claimant refers in her brief. (Doc. No. 13 at 12-13.)

ALJ decision. Although the surgery was performed after the ALJ's decision,

> *Wilkins* does not impose a bright line test based on the date of the [surgery] akin to a statute of limitations. Rather, the issue is whether the new and material evidence "relat[es] to the period on or before the date of the ALJ decision." *Wilkins*, 953 F.2d at 95.

Camper v. Barnhart, __ F.Supp.2d __, 2005 WL 1995446, * 7 (W.D. Va. Aug. 16, 2005). Claimant's second surgery was performed on April 26, 2004, after the ALJ's January 30, 2004, decision, but before the Appeals Council issued its decision on October 28, 2004. Dr. Serdoz, who performed both surgeries, notes that Claimant has experienced persistent pain with her left great toe since it was fractured several years ago. (Tr. at 490.) Following the first surgery, Claimant's "pain and stiffness persisted and did not improve to any significant degree." (Tr. at 490.) Thus, the second surgery was performed wherein Dr. Serdoz noted significant degenerative joint disease of the first MPJ, as noted in the first surgery, and inserted a titanium hemi implant. (Tr. at 490.) Accordingly, it appears that the pain and other problems Claimant experienced in her left great toe, resulting in her second surgery, relate to the period before the ALJ's decision.

Based upon the foregoing, the undersigned finds that the instant case should be remanded for further consideration of the evidence submitted to the Appeals Council. In light of the recommendation for remand, it is unnecessary to address the remaining arguments raised by Claimant.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the District Court confirm and accept the foregoing findings, **DENY** the Plaintiff's Motion for Judgment on the Pleadings, **DENY** the Defendant's Motion for Judgment on the Pleadings, **REVERSE** the final decision of the Commissioner, and **REMAND** this matter for further proceedings consistent with this Proposed Findings and Recommendation pursuant to the fourth sentence of 42 U.S.C. § 405(g).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

Date: February 10, 2006.

R. Clarke VanDervort
United States Magistrate Judge